JEAN ANTOINE BOURGEROL *v.* LOUIS ALLARD and another.

In an ordinary partnership, formed for a particular purpose, neither of the parties can bind the other unless authorized to do so, specially, or by the articles of partnership. C. C. 2843.

In every suit on a joint contract, all the obligors must be made defendants, though some may have paid their proportion of the debt ; and no judgment can be obtained against any, unless it be proved that all joined in the obligation, or are by law presumed to have done so. C. C. 2080.

Where it is not proved that one of the defendants in an action to enforce a joint obligation, ever entered into it, there must be a judgment as in case of nonsuit.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

MARTIN J. The defendants are appellants from a judgment, by which the plaintiff has recovered $1200, one-half of the price which Soulé undertook to pay him for making a plan of a plantation, the joint property of himself, Merle, and the two defendants. The claim was resisted on the plea of the general issue, and on the ground that, admitting that Soulé employed the plaintiff, the plan was so unskilfully made, and the execution of it so long delayed, that it was absolutely useless to the defendants.

Their counsel, in this court, has denied that Soulé had any authority to bind the defendants to the plaintiff. The latter has shown that, in a sale made by the defendants to Soulé and Merle, of one-half of the plantation, there is a clause by which the parties agreed, with a view of selling it in lots, that a plan should be made, at the common expense of the parties ; that Soulé engaged

the plaintiff for this purpose, and promised to pay him $2400; that during the time the plaintiff was engaged in making the survey and plan, the defendant, Allard, frequently called on him, to induce him to hasten his operations; and that, after the plan was completed, Soulé and Merle paid the plaintiff $600 each. The counsel for the defendants has urged, that neither of them had any knowledge of the nature of the contract which Soulé made with the plaintiff; that, therefore, they are not bound to pay the price agreed upon by Soulé and the plaintiff, and that there is no evidence of the value of the work done.

In the sale from the two defendants to Soulé and Merle, there is a clause for the confection of a plan at the expense of the parties. It is in evidence, that Allard hurried the plaintiff's operation. He must, therefore, be bound to compensate him. It does not appear from the testimony, that there was any engagement for a fixed price before the work was begun, or until it was completed. At the time, therefore, that Allard hurried the completion of the plan, he did not assent to the payment of any fixed sum for it; and no subsequent agreement between the plaintiff and Soulé was binding on Allard without his intervention therein, or his subsequent approbation. Soulé informs us, on his cross-examination, that he "is not positive whether the price was agreed upon before the bill was brought in;" but Allard must be bound by the uncontradicted depositions of several witnesses, to wit: D'Hebicourt, Buisson, Bringier and Pilié, who estimate the work of the plaintiff at $2400.

There is not a tittle of testimony in regard to the defendant Robert; but we find evidence in a document recorded in a notary's office, that she agreed with her co-defendant, and with Soulé & Merle, that a plan should be made of the plantation, at their joint expense. She certainly thereby entered with them into a partnership, for the confection of a plan. This partnership was an ordinary one, for it was not commercial; Civil Code, art. 2797; and a particular one, for it was confined to a single operation. Ib. In such a partnership, neither of the partners can bind one or more of the others, unless he or they have given him powers so to do, either specially, or by the articles of partnership; Civil Code, art. 2843. In the present case nothing shows any power,

Bourgerol v. Allard and another,

special, or by the articles of the partnership, from the defendant Robert to Allard, Soulé or Merle. She pleaded the general issue, and the plaintiff was, therefore, bound to make out, by legal proof, every fact necessary to establish his claim against her, *i. e.* a contract in which she intervened, personally, or by a person authorized to bind her.

The obligation sued upon is a joint one ; for the plaintiff claimed under it $2400, from Soulé, Merle, Allard and Robert, the two first of whom have paid him each one-fourth, and the other two-fourths are claimed, one from each of the defendants ; Civil Code, art. 2075. In every suit on a joint contract, all the obligors must be made defendants ; and no judgment can be obtained against any, unless it be proved that all joined in the obligation, or are by law presumed to have done so. Ib. art. 2080. Soulé and Merle, although they had paid each their fourth part, ought to have been made defendants in the present suit; but no exception was made on this point, nor was it urged in argument below, or before us, and we do not notice it because the conclusion we have come to, on another point, renders it unnecessary. We think, however, that the First Judge erred, in giving judgment for the plaintiff, as as it was not proved that the defendant Robert, against whom a joint obligation is sought to be enforced, ever entered into it.

In the case of *Thompson* v. *Chretien et al.*, determined at Opelousas in September, 1842, 3 Robinson, 26, we reversed the plaintiff's judgment against one defendant in a joint action, because his co-defendant's exception on the score of commorancy, had been sustained, and the plaintiff had neglected to appeal from the judgment dismissing him.

It is therefore ordered, that the judgment be annulled and reversed, and that there be judgment for the defendants as in the case of a nonsuit ; the plaintiff paying costs, in both courts.

*Buscail*, for the plaintiff.

*Denis*, for the appellants.